IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KARMA CULTURE LLC

        Plaintiff,

v.

CONSCIOUS MIND PRODUCTS LLC,

        Defendant.

Case No. _____

## COMPLAINT

Plaintiff, Karma Culture LLC ("Plaintiff" or "Karma Culture") by its attorneys for its Complaint against the Defendant Conscious Mind Products LLC ("Defendant" or "Conscious Mind") alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Karma Culture LLC is a New York corporation with its principal place of business in Pittsford, New York. Karma Culture is engaged in the manufacture, sale and distribution of beverages through the United States and abroad.

2. Upon information and belief, Defendant Conscious Mind Products LLC is an Illinois Limited Liability Company with its principal place of business in Vernon Hills, Illinois. Conscious Mind is engaged in the manufacture, sale and distribution of beverages, including, but not limited to, tea-based beverages, soft drinks, and fruit-based drinks flavored with tea. Such sale and distribution extends to interstate commerce.

3. This is an action for infringement of Plaintiff's federally-registered trademark, whereby Plaintiff seeks compensatory, declaratory and injunctive relief under the Lanham Act, 15 U.S.C. §1051 *et seq.,* as well as the common law of the State of Illinois and the Illinois Uniform Deceptive Trade Practices Act.

4.      This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiff is a New York corporation and Defendant is an Illinois company.

5.      Venue in this District is proper under 28 U.S.C. §1391.

## NATURE OF THE ACTION

6.      Karma Culture is a leading manufacturer of high quality beverages, including a line of spring waters infused with various vitamins, minerals and other supplements which are marketed under the Karma brand (the "Karma Beverage Products").

7.      On October 19, 2006, Karma Culture's predecessor filed with the U.S. Patent and Trademark Office ("USPTO") an intent-to-use ("ITU") trademark application under 15 U.S.C. 1051(b) for the trademark "KARMA" (the "KARMA Mark") which subsequently registered as United States Trademark Registration No. 4,063,528, (the "'528 Registration"). A copy of the '528 Registration is attached hereto as **Exhibit "A."**

8.      Since at least as early as the first use date of September 2, 2011 set forth in the '528 Registration, Karma Culture has continuously used the KARMA Mark on and in association with the marketing and sale of the Karma Beverage Products in interstate and foreign commerce.

9.      Karma Culture has, since the time it registered the KARMA Mark, given notice to the public that "KARMA" is a registered trademark by affixing the Registration Notice next to the KARMA Mark, as provided by 15 U.S.C. §1111.

2

10. Since at least as early as September 2, 2011, Karma Culture has used the KARMA Mark in commerce in connection with its business of manufacturing and selling beverages. Over the years, Karma Culture has earned a reputation for quality goods and services, personal attention to its customers, and integrity in its business dealings and, as such, has earned the respect of both its customers and competitors.

11. In the years that its business has been in operation, Karma Culture has advertised and otherwise promoted its Karma Beverage Products throughout the United States and, as a result, has developed significant name recognition and goodwill and has attained a solid reputation within the market place.

12. Karma Culture's advertising and other promotional efforts of its Karma Beverage Products under the KARMA Mark have been undertaken at great expense for the purpose of developing and perpetuating name recognition and goodwill among existing and prospective customers, vendors and other constituencies.

13. These advertising and promotional efforts have been effective as the KARMA Mark is associated with Karma Culture within the minds of consumers.

## DEFENDANT'S UNLAWFUL ACTIVITIES

14. Upon information and belief, Defendant is engaged in, among other things, the offering for sale and selling of beverages, including soft drinks, tea drinks, and fruit based drinks flavored with tea.

15. Without Karma Culture's authorization, and upon information and belief, beginning after Karma Culture acquired protectable, exclusive rights in the KARMA Mark, Defendant adopted and began using a mark substantially similar to the KARMA Mark in U.S. commerce.

16. Without the permission of Karma Culture, Defendant has produced, advertised and sold beverages under the name "Karma Kombucha" (the "Infringing Products"). The packaging for this product prominently displays the name "Karma" at the top of its label. Attached as **Exhibit "B"** is a screenshot from Defendant's website, depicting an example of Defendant's Infringing Products.

17. Upon information and belief, Conscious Mind filed with the USPTO a trademark application for the trademark "Karma Kombucha" (the "Infringing Mark") which subsequently registered on November 26, 2013 as U.S. Trademark Registration No. 4,440,589 (the "'589 Registration"). A copy of the '589 Registration is attached hereto as **Exhibit "C."**

18. By using the "Karma" name in the Infringing Mark for its beverages, Defendant has attempted to capitalize on the goodwill and reputation of Karma Culture's KARMA Mark and '528 Registration, which the average public consumer associates with quality beverages.

## COUNT I
### (Trademark Infringement in Violation of Section 32 of Lanham Act)

19. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

20. Defendant, without consent or a license from Karma Culture, has infringed and continues to infringe upon the Karma Mark and '528 Registration by using the name "Karma" in connection with the sale and distribution of beverages.

21. Defendant's use of the Infringing Mark is likely to cause confusion, mistake and deception and will continue to cause confusion, mistake and deception with respect to the Karma Mark in violation of 15 U.S.C. §1114, until Defendant's actions cease.

22. Upon information and belief, Defendant's sale and distribution of the Infringing Products has occurred, and is occurring, through interstate commerce.

4

23. Karma Culture's use and registration of the KARMA Mark preceded Defendant's use of the Infringing Mark.

24. Upon information and belief, Defendant's commercial activities which use the Infringing Mark, have caused and continue to cause confusion and mistake by deceiving the public into believing that they were and are buying products produced by, marketed by, sponsored by, approved by and/or licensed by Karma Culture.

25. Upon information and belief, Defendant will continue to infringe upon the KARMA Mark and the '528 Registration unless enjoined by this Court.

26. As a result of Defendant's unlawful conduct, Karma Culture has been, and continues to be, substantially and irreparably harmed. If Defendant's infringement is permitted to continue, further damage and irreparable injury will be sustained by Karma Culture, and others will be encouraged or induced to infringe upon Karma Culture's KARMA Mark. Through such infringement, the value of the KARMA Mark will be substantially reduced or destroyed, for which Karma Culture cannot be adequately compensated at law.

27. Defendant has derived unlawful gains and profits from its infringement of the KARMA Mark and the '528 Registration, and Karma Culture thereby has been caused loss and damage. As a proximate result of Defendant's infringement, Karma Culture has, and continues to suffer injury to its business, goodwill, reputation and profits, all to its damage in an amount not yet ascertained.

28. Karma Culture is entitled to all remedies under the Lanham Act including, but not limited to, injunctive relief, compensatory damages, treble damages and disgorgement of profits.

## COUNT II
### (Unfair Competition in Violation of §43(a) of the Lanham Act)

29. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

30. Defendant's use of the name "Karma" for its beverages constitutes an act in violation of 15 U.S.C. §1125(a), in that such use falsely suggests Karma Culture as the source of Defendant's product, and falsely represents that Defendant's Infringing Products are produced by, marketed by, sponsored by, approved by or licensed by Karma Culture.

31. Defendant's use of the "Karma" name for its Infringing Products has and continues to deceive, mislead and confuse consumers as to the source, affiliation and/or sponsorship of the Infringing Products with the KARMA Mark and Karma Culture.

32. Such actions have constituted and will continue to constitute unfair competition under 15 U.S.C. §1125(a).

33. As a proximate result of Defendant's acts, Karma Culture has suffered great detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

34. Defendant's infringement upon the KARMA Mark and the '528 Registration has deprived Karma Culture of its rightful ability to control the quality of goods uniquely associated with the KARMA Mark and to ensure that its associated, valuable goodwill and reputation are protected.

35. Karma Culture is entitled to all remedies available under the Lanham Act, including, but not limited to, injunctive relief, compensatory damages, treble damages and disgorgement of profits.

## COUNT III
### (Federal Trademark Registration Cancellation)

36. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

37. Defendant's '589 Registration for the Infringing Mark KARMA KOMBUCHA for "Non-alcoholic beverages with tea flavor; soft drinks, namely, tea drinks; Fruit-based drinks flavored with tea (the '589 Products)" should be cancelled because the Infringing Mark used in conjunction with the '589 Products is so similar in connotation, meaning, and/or commercial impression with Plaintiff's KARMA Mark used in conjunction with the Karma Beverage Products, so as to likely cause consumer confusion as to the origin, sponsorship and/or association of Defendant's Infringing Products with or by Plaintiff.

38. Karma Culture has and continues to be damaged by Defendant's claim of rights in the Infringing Mark and the existence of the '589 Registration. Karma Culture will be irreparably harmed if the '589 Registration is not cancelled.

39. Karma Culture has no adequate remedy at law.

40. Defendant is not entitled to the continued registration of the '589 Registration and, pursuant to 15 U.S.C. § 1119, this Court should cancel the '589 Registration.

## COUNT IV
### (Illinois Common Law Trademark Infringement)

41. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

42. Karma Culture is the owner of valid common law rights in the KARMA trademark which it has used continuously and in connection with the Karma Beverage Products prior to Defendant's unauthorized use of Karma Culture's mark.

43. Defendant's aforesaid use of the KARMA trademark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's business and merchandise in that consumers and others are likely to believe Defendant's products are legitimately connected with or approved by Karma Culture in violation of Illinois common law.

44. As a direct and proximate result of Defendant's infringement, Karma Culture has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

45. Karma Culture has no adequate remedy at law because Karma Culture's mark is unique and represents to the public Karma Culture's identity, reputation and goodwill, such that damages alone cannot fully compensate Karma Culture for Defendant's misconduct.

46. Unless enjoined by the Court, Defendant will continue to use and infringe Karma Culture's trademark to Karma Culture's irreparable injury. This threat of future injury to Karma Culture's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the Karma Culture mark and to ameliorate and mitigate Karma Culture's injuries.

## COUNT V
**(Violation of the Illinois Uniform Deceptive Trade Practices Act)**

47. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

48. In addition to the injuries alleged in these counterclaims, and on information and belief, Defendant's conduct has resulted in Karma Culture's further loss of money or property, such as, for example, diminished goodwill in its KARMA mark and lost sales due to the same.

49. The acts of Defendant complained of herein constitute a violation the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510 *et seq*., including because Defendant has caused a likelihood of confusion as to source, sponsorship, affiliation or connection with Karma Culture. Karma Culture is entitled to an injunction.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Karma Culture, demands with respect to each of its claims:

a. Granting a permanent injunction, restraining and enjoining the Defendant, its officers, directors, agents, servants, employees and all others acting on its behalf or in its stead from further acts of trade mark infringement and unfair competition and , more particularly, from in any manner, directly or indirectly:

  i. Using the Infringing Mark and any other marks which are confusingly similar;

  ii. Using marks that are dilutive to or otherwise violate Karma Culture's KARMA Mark;

  iii. Using or otherwise exploiting the mark KARMA, and any other marks which are confusingly similar to or otherwise violate Karma Culture's Karma Mark in connection with beverages;

  iv. Assisting, aiding or abetting any other person or entity from engaging or performing any of the activities referred to in subparagraphs a.i. through a.iii. above;

9

      v.    Declaring that the Defendant has unfairly competed with Karma Culture by the acts complained of herein and further declaring the respective rights and responsibilities of the parties.

b. Granting an order requiring the Defendant to deliver up for destruction all Infringing Products, and all promotional and/or advertising materials of any kind bearing the mark "Karma" and any other marks which are confusingly similar to or otherwise violate Karma Culture's KARMA Mark;

c. Awarding to Karma Culture any profits generated by the Defendant as a result of acts complained of and further awarding Karma Culture damages as a result of the Defendant's wrongful trademark infringement and unfair competition, in an amount to be determined by an accounting, if necessary;

d. Awarding Karma Culture its attorneys' fees and costs;

e. Granting Karma Culture such other and further relief as to this Court may seem just and proper.

f. Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of U.S. trademark Registration No. 4,440,589 and any and all other federal registrations for the mark KARMA KOMBUCHA or any mark consisting of, incorporating, or containing Plaintiff's KARMA mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant.

Dated: September 25, 2018 Respectfully submitted,

Karma Culture LLC

By: /s/ Robert D. Leighton

Robert D. Leighton
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Robert.Leighton@goldbergkohn.com

Katherine H. McGuire (*pro hac vice* to be filed)
Stephen P. Burke (*pro hac vice* to be filed)
WOODS OVIATT GILMAN LLP
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800
kmcguire@woodsoviatt.com
stephenburke@woodsoviatt.com

*Attorneys for Karma Culture LLC*